# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# Civil Case No. 2:12-cv-00055-MR
# [Criminal Case No. 2:08-cr-00032-MR-1]

| | |
|---|---|
| JESSICA JEAN SHEPARD, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [Doc. 1].

## I. BACKGROUND

On October 8, 2008, Petitioner Jessica Jean Shepard was charged by a grand jury with one count of conspiracy to possess with intent to distribute at least five grams of methamphetamine, in violation of 21 U.S.C. § 846 (Count One), and three counts of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841 (Counts Two through Four). [Criminal Case No. 2:08-cr-00032-MR-1, Doc. 1: Indictment]. Shortly after the Indictment was returned, the Government filed an Information pursuant to 21 U.S.C. § 851 providing notice of Petitioner's

three prior felony drug convictions: one conviction for sale/delivery of marijuana, for which she received 5-6 months of imprisonment, and two convictions for possession of methamphetamine, for which she received 6-8 months of imprisonment. [Id., Doc. 8: Information Pursuant to 21 U.S.C. § 851; Doc. 14 at ¶¶ 39-41: PSR]. The § 851 enhancement increased Petitioner's statutory minimum sentence from five years of imprisonment to ten years of imprisonment. See 21 U.S.C. § 841(b)(1)(B).

Petitioner subsequently entered into a plea agreement with the Government in which she agreed to plead guilty to Count One, and she agreed to cooperate with the Government. [Criminal Case No. 2:08-cr-00032-MR-1, Doc. 10: Plea Agreement]. As part of the agreement, Petitioner acknowledged the applicable statutory minimum and maximum sentence, agreed that the amount of actual methamphetamine foreseeable to her was between 50 and 150 grams, and agreed to waive her rights to appeal or collaterally attack her sentence except for claims of ineffective assistance of counsel or prosecutorial misconduct. [Id. at 2].

After Petitioner entered her guilty plea, the probation officer prepared a presentence investigation report (PSR). [Id., Doc. 14]. In the PSR, the probation officer determined that the amount of methamphetamine attributable to Petitioner could have been as high as 1.5 kilograms;

however, in accordance with the plea agreement, the probation officer recommended that Petitioner be held accountable for between 50 and 150 grams of methamphetamine, resulting in a base offense level of 32. [Id. at ¶ 27]. Accounting for acceptance of responsibility, Petitioner's total offense level was 29. [Id. at ¶ 36]. The probation officer also summarized Petitioner's criminal history, concluding that she had a criminal history category of IV. [Id. at ¶ 45]. With a total offense level of 29 and criminal history category of IV, Petitioner faced a guideline range of 121 to 151 months, and a statutory mandatory minimum sentence of 120 months. [Id. at ¶¶ 86-87].

At the sentencing hearing, the Government filed a motion for downward departure based on substantial assistance under U.S.S.G. § 5K1.1, requesting a departure from level 29 to level 27, which carried an advisory guideline range of 100 to 125 months. [Id., Doc. 27 at 4-5: Sent. Hrg. Tr.]. This Court granted the Government's motion for departure, sentenced Petitioner to 100 months of imprisonment, and entered the judgment on May 29, 2009. [Id., Doc. 20: Judgment]. Petitioner did not appeal.

More than three years later, Petitioner filed the instant § 2255 motion to vacate, set aside, or correct sentence. Petitioner placed the motion in

the prison system for filing on August 16, 2012, and it was stamp-filed on August 20, 2012. In the petition, Petitioner claims: (1) that her sentence was erroneously enhanced in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), and (2) that her counsel was ineffective for failing to argue the erroneous enhancement at the sentencing hearing. On July 28, 2014, this Court entered an order requiring the Government to respond, and the Government filed its response on August 20, 2014 [Doc. 9].

## II.  STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the motion to vacate can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.  DISCUSSION

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Under the AEDPA, there is a one-year

statute of limitations for filing a motion for collateral relief. Specifically, section 2255(f) provides as follows:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, Petitioner did not file a direct appeal; thus, her conviction became final ten days after entry of judgment on May 29, 2009. Because Petitioner did not file her motion to vacate until more than three years later, her motion is untimely under Section 2255(f)(1). Further, none of the other subsections of Section 2255(f) apply to render the petition timely.

5

The Court further finds that Petitioner has not set forth sufficient grounds for this Court to apply equitable tolling. The Government concedes in its response that, in light of Simmons, Petitioner should have been subject to a mandatory minimum sentence of 60 months rather than 120 months because none of her prior convictions qualified as predicate felonies under Simmons. However, Petitioner's ultimate sentence of 100 months — the low end of the guidelines range[1] after receiving a 5K1.1 departure -- is higher than the non-enhanced, mandatory minimum sentence of five years that would apply in light of Simmons. Nothing in the downward departure motion indicates that the two-level departure would have been any different had a five-year, rather than a ten-year, mandatory minimum sentence applied. Thus, the Court finds no grounds for equitable tolling.

In addition to the fact that the 2555 petition is time-barred, Petitioner's Simmons claim is subject to dismissal because she waived her right to bring this challenge in her plea agreement. Such a waiver is enforceable as long as the defendant waives this right knowingly and voluntarily. See

---

[1] As the Government notes in its response, Petitioner agreed in her plea agreement that she was responsible for between 50 and 150 grams of actual methamphetamine, which, accounting for acceptance of responsibility, resulted in a total offense level 29. Combined with her criminal history category IV, she faced a guideline range of 121 to 151 months. With the Government's motion for downward departure the resulting departed-to guideline range was 100 to 125 months.

United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005) ("A criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary."); see also United States v. Copeland, 707 F.3d 522, 529-30 (4th Cir. 2013) (dismissing appeal of defendant challenging sentencing enhancement in light of Simmons because defendant waived his right to appeal his sentence in his plea agreement); United States v. Snead, No. 11-5100, 2012 WL 541755 (4th Cir. Nov. 7, 2012) (unpublished) (same).

Here, Petitioner does not allege in her motion that her plea was either unknowing or involuntary, and the Rule 11 colloquy establishes that she pled guilty understanding the charge to which she was pleading guilty as well as the consequences of her plea, including her waiver of her right to challenge her sentence in a post-conviction proceeding. Petitioner's Simmons claim does not fall under the two exceptions to the waiver for a claim of ineffective assistance of counsel or a claim of prosecutorial misconduct.

In sum, because Petitioner's § 2255 motion is time-barred, and because Petitioner knowingly and voluntarily waived the right to appeal as part of her plea agreement, the Court will deny Petitioner's Simmons claim.

In her second claim, Petitioner argues that she received ineffective assistance of counsel because counsel did not object to the use of Petitioner's prior drug convictions as enhancing convictions. This claim is also time barred for the reasons stated above. Additionally, this claims fails on its merits. At the time of Petitioner's sentencing in 2009, the law in this Circuit clearly allowed the use of those convictions as enhancing convictions under § 851. See United States v. Jones, 195 F.3d 205 (4th Cir. 1999), and United States v. Harp, 406 F.3d 242 (4th Cir. 2005). While the Court of Appeals overruled Jones and Harp two years later in Simmons decision, at the time of Petitioner's sentencing the Court would have been bound by circuit precedent to reject a challenge to the sentencing enhancement. Petitioner's attorney was not ineffective for failing to predict this change in the law. See United States v. Harms, 371 F.3d 1208, 1212 (10th Cir. 2004) ("The Sixth Amendment does not require counsel for a criminal defendant to be clairvoyant."); Valenzuela v. United States, 261 F.3d 694, 700 (7th Cir. 2001) (holding that defense counsel was not ineffective for failing to predict the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466 (2000)).

In sum, for the reasons stated herein, the Court will deny and dismiss the petition.

The Court finds that the Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)). Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that the Motion to Vacate states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

**O R D E R**

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 Motion to Vacate, Set Aside, or Correct Sentence [Doc. 1] is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**   Signed: September 8, 2014

Martin Reidinger
United States District Judge